IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEANNA L. HUMES                                                                  PLAINTIFF

v.                                      CIVIL NO. 15-5217

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                   DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Deanna L. Humes, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on September 16, 2012, alleging an inability to work since October 31, 2007, due to "leukorrhea, [a] back injury, coronary artery disease, asthma, nonalcoholic steaohepatitis, hypothyroidism, esophageal reflux, depression, disorder of lipoid metabolism, arthropathy, anxiety, [and] osteoarthyrosis." (Doc. 12, p. 59, 132). For DIB purposes, Plaintiff maintained insured status through March 31, 2008. (Doc. 12, pp. 17, 146). An administrative video hearing was held on September 23, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 12, p. 30-57).

1

By written decision dated April 14, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 12, p. 19). Specifically, the ALJ found that through her date last insured, Plaintiff had the following severe impairments: a musculoskeletal disorder (osteoarthritis) and obesity. However, after reviewing all of the evidence presented, the ALJ determined that through her date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 12, p. 20). The ALJ found that through her date last insured, Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 C.F.R. § 404.1567(b). With the help of a vocational expert, the ALJ determined that through her date last insured, Plaintiff could perform her past relevant work as a personal property assessor, and an office manager/administrative clerk, as both were actually and generally performed. (Doc. 12, p. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 16, 2015. (Doc. 12, p. 5). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Evidence Presented:**

The record reveals that Plaintiff sought treatment for various issues both prior to and after the relevant time period. With respect to the evidence during the relevant time period of

October 31, 2007, through March 31, 2008, Plaintiff's date last insured, the medical evidence reveals the following.

On January 30, 2008, Plaintiff underwent a digital diagnostic mammogram of the left breast. (Doc. 12, pp. 349, 407). The findings were benign, and it was recommended that Plaintiff have a bilateral mammogram in one year.

On March 21, 2008, Dr. Robert E. Holder refilled Plaintiff's prescription for Lorazepam and Skelaxin, and started Plaintiff on Ambien, Mirapex, and Minocin. (Doc. 12, p. 289-290, 615-616, 717).

### III.  Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c (a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(C).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

**IV.  Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in failing to fully and fairly develop the record; 2) the ALJ erred at Step Two of the sequential analysis by not performing the psychiatric review technique (PRT); 3) the ALJ erred in his residual functional

capacity determination; and 4) the ALJ erred in determining Plaintiff could perform her past relevant work.

### A.     Insured Status:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on March 31, 2008. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of October 31, 2007, her alleged onset date of disability, through March 31, 2008, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that, on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

### B.     Full and Fair Development of the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir.1995). The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but

only to develop a reasonably complete record. "Reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995). "While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment." McCoy v. Astrue, 648 F.3d 605, 612 (8th Cir. 2011).

In this case, the record consists of medical records dated both prior to and after the relevant time period, two medical records during the relevant time period, and the opinions of four non-examining medical consultants that there was insufficient medical evidence to determine Plaintiff's capabilities prior to her date last insured.

Plaintiff argues that the ALJ should have contacted her treating physicians to obtain a RFC of Plaintiff's abilities prior the expiration of her insured status in March of 2008. A RFC assessment from a treating physician, although helpful, is not required. See Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007)(the medical evidence, State agency physician opinions, and claimant's own testimony were sufficient to assess residual functional capacity); Stormo v. Barnhart, 377 F.3d 801, 807–08 (8th Cir. 2004)(medical evidence, State agency physicians' assessments, and claimant's reported activities of daily living supported residual functional capacity assessment). After reviewing the entire record the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

### C. Severe Impairments:

Plaintiff argues that remand is necessary because Plaintiff alleged mental impairments, and the ALJ failed to complete a psychiatric review technique form with respect to said mental impairments.

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The claimant has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

A review of the record reveals that Plaintiff did not seek treatment for her alleged mental impairments during the relevant time period. It is also noteworthy that after reviewing the record, Dr. Sheri L. Simon, a non-examining medical consultant, noted that the medical evidence of record revealed a diagnosis of anxiety in October of 2008, which is well after Plaintiff's date last insured. (Doc. 12, p. 65). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff did not have a severe mental impairment during the time period in question. As the record supports the finding that Plaintiff did not have a severe mental impairment during the relevant time period, there would be no need for the ALJ to complete the psychiatric review technique form.

7

### D.     Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. Plaintiff filed her application for DIB over four years after the relevant time period. A review of the record revealed that on March 27, 2007, before her alleged onset date, Plaintiff was seen for her annual physical examination. (Doc. 12, p. 611). While Plaintiff was noted to have degenerative disc disease of the lumbar spine with stenosis, her physician did not limit her activities, and actually prescribed physical therapy or a referral to a back specialist that Plaintiff declined. There is no record that Plaintiff was actually examined again until April of 2008, after the expiration of her insured status. At that time, her hypertension was noted as "well controlled." (Doc. 12, p. 291). The record revealed that in February of 2011, Plaintiff reported that she had shoveled snow for 3.5 hours. (Doc. 12, p. 367). In March of 2012, Plaintiff reported she no longer worked as she stayed home with her husband and grandchild. (Doc. 12, p. 552). At that time,

Plaintiff reported that she did all of the cooking and shopping. An examination of Plaintiff on that date revealed intact active range of motion, normal grip strength, normal coordination and deep tendon reflexes, and her affect was appropriate without lability, agitation, depression, or anxiety. (Doc. 12, pp. 557-558). In April of 2012, Plaintiff reported that she took care of a two year old child, walked a mile with her husband daily, and took care of the lawn by mowing the grass and using the weed eater. (Doc. 12, p. 574).

Therefore, although it is clear that Plaintiff suffered with some degree of limitation, she did not establish that she was unable to engage in any gainful activity prior to the expiration of her insured status. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible for the time period in question.

### E. ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart,

353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." Id.

In finding Plaintiff able to perform light work prior to the expiration of her insured status, the ALJ considered Plaintiff's subjective complaints, the medical records, and the evaluations of the non-examining medical examiners. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude performing the RFC determined during the relevant time period. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). With respect to the assessments completed by Dr. Rossitza E. Hristoskova that indicated Plaintiff had more limitations than expressed in the determined RFC, the record revealed that Plaintiff established care with Dr. Hristoskova in 2012, which was well after her insured status had expired. (Doc. 12, pp. 683-689). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### F. Past Relevant Work:

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes the performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

10

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the testimony of a vocational expert, who after listening to the ALJ's proposed hypothetical question which included the limitations addressed in the RFC determination discussed above, testified that the hypothetical individual would be able to perform Plaintiff's past relevant work. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted).

Plaintiff argues that the vocational expert erred in finding her past relevant work was light work, and not sedentary. The Regulations state "[i]f someone can do light work, we determined that he or she can also do sedentary work unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long period of time." 20 C.F.R. § 404.1567(b). In this case, the record failed to demonstrate that Plaintiff had a loss of fine dexterity or an inability to sit for a long period of time. Accordingly, the Court finds substantial evidence to support the ALJ's finding that Plaintiff could perform her past relevant work as a personal property assessor, and an office manager/administrative clerk, as Plaintiff performed the jobs, and as these jobs are performed in the national economy.

11

## V.     Conclusion:

Based on the foregoing, the undersigned recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice.  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of October, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE